UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN DONNER, | Case No. 2:20-cv-01913-RFB-VCF |
| Petitioner, | |
| v. | ORDER |
| STATE OF NEVADA, et. al, | |
| Respondents. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and paid the filing fee. ECF Nos. 3/5. This case was initially transferred to this Court by the United States Court of Appeals for the Ninth Circuit. ECF No. 1-2. Presumably due to the defects in his initial pleading in the Ninth Circuit, Petitioner filed a new petition in this Court. Unfortunately, the new petition is also defective in several respects.

First, the petition is not on this Court's approved form. A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this Court. LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada. Second, the print on several of the pages of the petition is so faint as to be illegible. Third, the petition does not name the Petitioner's custodian as a respondent. See Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (holding, as a matter of jurisdiction, a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition"); see also Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).

Petitioner will be given an opportunity to file an amended petition to correct these defects. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not

be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."). If and when Petitioner files an amended petition, the Court will screen it in accordance with Rule 4 of the Habeas Rules.

In addition, Petitioner should not only correct the noted deficiencies but also include all claims for relief of which he is aware. That is, the petition should contain all exhausted claims and all unexhausted claims which Petitioner believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Nevada Supreme Court. An unexhausted claim, on the other hand, is one that has not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court. If Petitioner is aware of any claims and fails to include them in his amended petition, the abuse of the writ rules may bar Petitioner from ever raising them in a federal court.

IT IS THEREFORE ORDERED that Petitioner shall have **45 days** from the date this order is entered to file with the Court an amended petition which corrects the deficiencies identified in this order. In addition to correcting the problems the Court has identified, Petitioner shall include in that amended petition any additional claims for habeas corpus relief of which he is aware.

IT IS FURTHER ORDERED that if Petitioner fails to respond to this order in the time and manner provided above, the Court shall conclude that Petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

IT FURTHER IS ORDERED that the Clerk shall send Petitioner two copies of the noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of the papers that he submitted in this action.

IT IS FURTHER ORDERED that the Court will decide Petitioner's motion for appointment of counsel (ECF No. 4) when it receives his amended petition.

DATED THIS 28th day of July, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE